IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER S. HITCHCOCK,

                Petitioner,

     v.                                               CASE NO. 20-3295-SAC

WARDEN TIM EASLEY,

                Respondent.

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se, and the court grants leave to proceed in forma pauperis. The court has conducted an initial screening of the petition under Rule 4 of the Rules Governing Habeas Corpus Petitions under § 2254 and enters the following order.

### Background

Petitioner was convicted in the District Court of Saline County, Kansas. *State v. Hitchcock*, 431 P.3d 909 (Table) 2018 WL 6580116 (Kan. Ct. App. 2018), *review denied* (Sept. 27, 2019).

The petition presents four grounds for relief: (1) the trial court erred in allowing the use of petitioner's prior juvenile adjudication; (2) the trial court erred in admitting statements petitioner made as a juvenile; (3) there was no DNA, rape kit, or physical evidence supporting the charges; and (4) no evidentiary pictures were found on petitioner's phone.

The first ground was considered by the Kansas Court of Appeals (KCOA) in petitioner's direct appeal. The KCOA analyzed the claim under K.S.A. 2017 Supp. 60-455(d), which provides that "evidence of the defendant's commission of another act or offense of sexual

misconduct is admissible and may be considered for its bearing on any matter to which it is relevant and probative." *Hitchcock*, 2018 WL 6580116, *4-6.

The KCOA also considered petitioner's claim challenging the admission of statements he made as a juvenile. The trial court denied petitioner's motion to suppress, finding the statements were made in a noncustodial setting and noting that petitioner stipulated to the earlier offense and was adjudicated guilty.  On appeal, the KCOA held petitioner had abandoned the claim by failing to present argument or authorities concerning the use of stipulated facts from his earlier case. *Hitchcock*, 2018 WL 6580116, *7 ("Issues not adequately briefed are deemed waived or abandoned. *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018). Accordingly, we find Hitchcock has abandoned any claim that the trial court erred in admitting the details of his confession.").

Petitioner did not present the third and fourth claims in his appeal.

## Discussion

This matter is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). The AEDPA introduced changes to the review of petitions brought under § 2254. Central to this reform is the standard that provides that where a state court has adjudicated a federal claim on the merits, a federal court may grant habeas relief only if the prisoner first shows that the state court's decision either (1) "was contrary to ... clearly established Federal law," 28 U.S.C. § 2254(d)(1), (2) "involved an unreasonable application of clearly established Federal law," *id.*, or (3) "was based on an unreasonable determination of the facts in light of the evidence presented in

the State court proceeding," *id.* § 2254(d)(2).

Petitioner's first claim, concerning the admission of his juvenile adjudication, was decided by the KCOA on state law grounds. The KCOA decided this claim by interpreting K.S.A. 2017 Supp. 60-455(d), which states that "evidence of the defendant's commission of another act or offense of sexual misconduct is admissible, and may be considered for its bearing on any matter to which it is relevant and probative." After considering the record and the circumstances of the earlier adjudication against petitioner, the KCOA determined the trial court did not abuse its discretion in admitting this evidence.

This claim does not entitle petitioner to habeas corpus relief. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

Next, the KCOA declined to consider petitioner's claim that statements he made as a juvenile were improperly admitted at trial because petitioner failed to present any argument or authority to support the claim. The KCOA found that petitioner had abandoned the claim by failing to adequately brief it, citing Kansas caselaw that an issue not adequately briefed is deemed waived. It also pointed out that under Kansas caselaw, a stipulation made by a criminal defendant bars the defendant from seeking to suppress evidence because the defendant, in effect, has agreed the evidence is admissible. Similar to petitioner's first claim, the resolution of this claim turned on a state procedural rule, and it does not present grounds for habeas

corpus relief. *See Cone v. Bell*, 556 U.S. 449, 465 (2009)("It is well established that federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that 'is independent of the federal question and adequate to support the judgment.'")(quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)).

Petitioner's remaining claims, namely, that there was no physical evidence connecting him to the crimes and that no photos related to the crimes were found on his phone, were not presented on appeal. Under the federal habeas statute, a petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). A habeas petitioner ordinarily must "give state courts a fair opportunity to act on their claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

Where, as here, the court to which the petitioner would be required to present the unexhausted claims in order to satisfy the exhaustion requirement would find it procedurally barred, the federal habeas court may apply an anticipatory procedural bar. *See Rouse v. Romero*, 531 Fed. App'x. 907, 909 n.5 (10th Cir. 2013) ("anticipatory procedural bar occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it." (internal quotation marks omitted)).

To overcome this procedural bar, a petitioner must show either cause for the default and actual prejudice as a result of the alleged

constitutional violation; or that the failure to consider the defaulted claim will result in a fundamental miscarriage of justice because he is actually innocent. *See Bondy v. Scott*, 43 Fed. App'x. 168, 173 (10th Cir. 2002) (unpublished). "Cause under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him." *Griffin v. Scnurr*, 640 Fed. App'x. 710, 720 (10th Cir. 2016) (unpublished) (internal quotation marks omitted).

## Order to show cause

For the reasons set forth, the court directs petitioner to show cause why this matter should not be dismissed. Petitioner's first claim was resolved on state-law grounds, his second claim was abandoned on appeal due to his failure to present supporting argument or authority to the KCOA, and his third and fourth claims were not presented on appeal and are subject to procedural default unless petitioner shows cause and prejudice. If petitioner fails to file a timely response, this matter may be dismissed without additional notice.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED petitioner is granted to and including **May 14, 2021**, to show cause why this matter should not be dismissed.

**IT IS SO ORDERED.**

DATED: This 14th day of April, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge